UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-200-PPS-JEM |
| NICOLE BRIDEGROOM, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint against 29 defendants and indicates he plans to add even more defendants. ECF 1. He also filed a motion to proceed in forma pauperis (ECF 4) and a motion for preliminary injunction (ECF 3). Despite filing a motion to proceed in forma pauperis, he has paid $402 of the $405 filing fee in this case. ECF 2.

A prisoner may not bring a civil action in forma pauperis if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Scruggs has at least three strikes.[1]

---

[1] *Scruggs v. Alden*, 2:20-CV-0288-JPH-DLP (S.D. Ind. filed June 4, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on July 27, 2020.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (*quoting* 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Scruggs acknowledges he is three struck, indicates he will send the filing fee (ECF 1), and sought to proceed in forma pauperis alleging he is in imminent danger. This is somewhat confusing, but it is clear he is not in imminent danger.

In a nutshell, after suing because he has a peanut allergy and received several meal trays that were not peanut free, *Scruggs v. Moody*, 3:23-CV-692-PPS-JEM (filed July 24, 2023), he no longer wants the 1800 calorie no-peanut diet that he has been receiving. He asserts that the peanut free diet is a medical treatment that he has a right to refuse. He claims he is not eating but asserts he is not on a hunger strike; he is happy to eat regular trays that could have peanut butter on them once he gets his way. Because the facility refuses to provide him with the regular food trays he now wants, he asserts that he is in imminent danger. Scruggs has not demonstrated that the 1800 calories no-

---

*Scruggs v. McDaniel*, 2:19-CV-0110-JMS-DLP (S.D. Ind. filed March 5, 2019), dismissed pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim on May 8, 2019.
*Scruggs v. Miller*, 3:16-CV-0064-JD-MGG (N.D. Ind. filed Feb. 9, 2016), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on Sept. 30, 2016.

2

peanut trays he receives pose an imminent danger to his health. To the extent he is in imminent danger now, it is due to his choice to forego eating until he gets his way.

While I will not screen Scruggs' complaint at this time, I will briefly address his motion for preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation

marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief in the correctional setting).

Scruggs alleges that he will suffer irreparable harm in the absence of an injunction because he has stopped eating. Scruggs does not allege that he is unable to obtain meals from the prison when he is ready to resume eating, or that he is unable to purchase food from commissary. Rather, he alleges that he has stopped eating because he wants trays that are not peanut-free even though he has a peanut allergy. To the extent there is irreparable harm here, it is caused by Scruggs' own decision to not eat, and my intervention is not necessary to resolve that harm.

Thus, I conclude that Scruggs has not demonstrated that the injunctive relief he seeks is warranted. However, because Scruggs indicates he has stopped eating, which is particularly concerning given that he suffers from diabetes, I will direct the clerk's office to FAX or email the Warden of the Westville Correctional Facility a copy of this order so he is aware of Scruggs' choice.

Finally, Scruggs should not be surprised by my finding that he has not demonstrated either imminent danger of irreparable harm. When he filed a motion for preliminary injunction in *Scruggs v. Moody*, 3:23-CV-692-PPS-JEM, at 6 (order dated Aug. 14, 2023), I wrote the following:

> Scruggs alleges that he will suffer irreparable harm in the absence of an injunction because he has stopped eating. Scruggs does not allege that he is unable to obtain regular meals that are generally peanut free from the prison when he is ready to resume eating, or that he is unable to purchase food from commissary. Rather, he alleges that he has stopped eating because he wants wholesome peanut-free food served in accordance with his own terms. The irreparable harm here is caused by Scruggs' own decision to not eat, and my intervention is not necessary to resolve that harm.

4

Scruggs knew that nearly identical conduct was insufficient to demonstrate irreparable harm in the absence of an injunction, and yet he again filed a motion for preliminary injunction and additional claimed that he was in imminent danger. I take all cases alleging imminent danger or requesting preliminary injunctions seriously. Crying wolf diverts limited judicial resources away from meritorious claims. **If Scruggs again makes assertions of imminent danger of irreparable harm that are not colorable, he should expect to be fined, sanctioned, or restricted.**

For these reasons, the court:

(1) DENIES Scruggs' Motion to Proceed In Forma Pauperis (ECF 4);

(2) DENIES Scruggs' Motion for Preliminary Injunction (ECF 3); and

(3) DIRECTS the clerk to FAX or email the Warden of the Westville Correctional Facility a copy of this order so that he is aware that Scruggs' is choosing not to eat.

SO ORDERED.

ENTERED: March 14, 2024.

                                  /s/ Philip P. Simon
                                  PHILIP P. SIMON, JUDGE
                                  UNITED STATES DISTRICT COURT