UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.                                      CAUSE NO. 3:24-CV-200-PPS-JEM

NICOLE BRIDEGROOM, et al.,

Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed an amended complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Scruggs alleges that, since March 7, 2022, Supervisor English, Kitchen Worker Moody, and Kitchen Worker Perez have served him spoiled food, insufficient amounts of food, raw food, and food that has been rendered inedible due to too much salt. He has conveyed these food-related concerns to Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain

Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, and Warden Galipeau, but they have not addressed these concerns.

He also alleges that staff have failed to provide him food at appropriate intervals from July 7, 2023, to March 4, 2024.[1] He alleges that, on most days, he is served breakfast sixteen to twenty-two hours after his last meal of the prior day and may not receive breakfast at all. He has conveyed these concerns to Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez, Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, Warden Galipeau, Officer Thomas, Officer Smith, Officer Arnett, and Officer Pleasant, and they have not addressed them.

For deliberate indifference claims under the Eighth Amendment, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, such as adequate food, clothing, shelter, and medical care." *Id.* Based on these allegations, Scruggs may proceed on Eighth Amendment claims of deliberate indifference against these defendants.

---

[1] Though this timeframe may seem arbitrary, Scruggs appears to have chosen this timeframe due to his claim in another case. Specifically, in 3:23-CV-692, Scruggs asserts a claim that correctional staff failed to provide him with food at appropriate intervals from February 5, 2022, to July 6, 2023.

Scruggs also alleges that Supervisor English, Kitchen Worker Moody, and Kitchen Worker Perez serve him food that may be nutritionally adequate but are less desirable in terms of variety or compared to what other inmates are eating. He asserts that these defendants serve him less desirable meals in retaliation for grievances and lawsuits filed against them.

To state claim of First Amendment retaliation, Scruggs must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citation omitted). Based on these allegations, Scruggs may pursue a claim of First Amendment retaliation Supervisor English, Kitchen Worker Moody, and Kitchen Worker Perez.

In the amended complaint, Scruggs also suggests that these defendants are liable on other constitutional theories based on the same allegations, but this is redundant, and he will not be allowed to proceed on these other constitutional theories. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim."); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional

3

constitutional labels"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing constitutional claims under the most "explicit source[s] of constitutional protection.").

Additionally, Scruggs seeks an injunction requiring prison staff to provide him with food in a manner that is consistent with his rights under the First and Eighth Amendments. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Specifically, the "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* (internal citation omitted). Scruggs may proceed on this injunctive relief claim against the Warden Galipeau in his official capacity.

Next, Scruggs alleges he has asked several defendants to remove him from a peanut-free diet that he has been provided due to his peanut allergy. He asserts that their refusal to do so amounts to forced medical treatment. In *Washington v. Harper*, 494 U.S. 210, 221–22 (1990), the Supreme Court found that an inmate "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." The Court held that "the proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." *Id.* at 223. The Supreme Court concluded that, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with

antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227.

In the following years, the lines of cases discussing forced medical treatment on inmates have primarily involved the administration of psychiatric medication. *Johnson v. Tinwalla*, 855 F.3d 747 (7th Cir. 2017); *Fuller v. Dillon*, 236 F.3d 876 (7th Cir. 2001); *Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993). More recently, the Seventh Circuit recognized the right to informed consent as a corollary to the right to refuse medical treatment in the context of a knee surgery. *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019).

I am not persuaded that the peanut-free diet amounts to medical treatment as contemplated by *Harper* or *Knight*. The primary distinction to be drawn is that there is nothing inherently problematic about correctional staff providing a peanut-free diet to any inmate with or without a medical reason to do so. Indeed, it seems unlikely that correctional staff provide peanuts or food made with peanut products in every meal served to the prison population. In this respect, the peanut-free diet is more akin to assigning an inmate to a bottom bunk or to a first-floor dormitory; while correctional staff may issue such assignments to accommodate medical needs, they may also do so simply as a matter of course. The same cannot be said for the administration of psychiatric medication as in *Harper* or knee surgery as in *Knight*. Moreover, Scruggs' proposed theory would create an absurd scenario by which an inmate who is deathly allergic to peanuts would have a greater right to demand a diet with peanuts than an inmate with no dietary restrictions. *See Warren v. Peterson*, No. 08 C 2518, 2008 WL

5

4411566, at *3 (N.D. Ill. Sept. 25, 2008) ("Under the Eighth Amendment, an inmate has no right to meals of the inmate's choosing, only a right to sufficiently nutritious food that is not contaminated or otherwise immediately dangerous to the inmate's health."). The allegations also make clear that Scruggs' primary concerns with the peanut-free diet is that the food he has been served is nutritionally inadequate or less desirable than the food served to other inmates – not that the food lacks peanuts, and these concerns are adequately addressed through Scruggs' other claims.

Furthermore, the consumption of peanuts clearly presents a substantial danger to Scruggs. In his amended complaint in 3:23-CV-692, Scruggs represented as follows:

> On 4-9-23, after taking one bit of the egg sandwich, I became very sick when my tray became contaminated with peanut butter/peanut oil . . . . My throat closed up making it hard for me to breathe and swallow, my skin broke out into rashes all over, when I scratched, everywhere I scratched up swelled up as well. I felt like I was going to die.
>
> * * *
>
> After my objections, I became sick twice again from peanut oil as only the peanut oil causes my symptoms, this on 5-19-23 and 6-7-23.

Scruggs now attempts to downplay the risk of harm posed to him by peanuts by professing the ability to detect peanut products in his food and alleging that he can reduce the risk of harm by forcing himself to vomit, drinking more water, and forcing himself to vomit again. ECF 3 at 4. I am not convinced by these attempts, and Scruggs may not proceed on a claim that the defendants forced medical treatment on Scruggs by providing him a peanut-free diet.

Scruggs further alleges that Grievance Officer Shannon Smith's failure to process his grievances infringes upon his First Amendment right to free speech because it

6

prevents him from communicating with the Warden and the central office for the Indiana Department of Correction. As Scruggs acknowledges, he has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). He indicates, however, that his claim is not about his inability to access the grievance process but about his speech not making it to the intended recipient. The First Amendment does not guarantee Scruggs unfettered access to prison officials to communicate his many grievances. Scruggs has also alleged that he has conveyed some of his concerns to Warden Galipeau and alleges no impediment to contacting central office through other means. Because destruction or mishandling of grievances does not by itself violate the First Amendment, Scruggs will not be permitted to proceed on this claim.

Scruggs is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez, Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, and Warden

7

Galipeau in their individual capacities for acting with deliberate indifference to his dietary needs by providing him food that is either nutritionally inadequate or inedible from March 7, 2022, to March 4, 2024;

(2) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, Warden Galipeau, Officer Thomas, Officer Smith, Officer Arnett, and Officer Pleasant in their individual capacities for acting with deliberate indifference to his basic dietary needs by failing to provide him with food at appropriate intervals from July 7, 2023, to March 4, 2024;

(3) GRANTS Christopher L. Scruggs leave to proceed on a First Amendment claim for compensatory and punitive damages against Supervisor English, Kitchen Worker Moody, and Kitchen Worker Perez for retaliating against him for filing grievances and lawsuits by serving him less desirable food from March 7, 2022, to March 4, 2024;

(4) GRANTS Christopher L. Scruggs leave to proceed on a claim for injunctive relief against Warden Galipeau in his official capacity to provide him appropriate food at appropriate intervals as required by the First and Eighth Amendments;

(5) DISMISSES Shannon Smith, Sergeant Killingsworth, Nicole Bridegroom, Dr. Liaw, Nurse Jakeib, Nurse Schmidt, Nurse Ellis, Nurse Schilling, Nurse Ekeh, and Nurse Amanda;

8

(6) DISMISSES all other claims;

(7) DIRECTS Christopher L. Scruggs to make arrangements to serve Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, Warden Galipeau, Officer Thomas, Officer Smith, Officer Arnett, and Officer Pleasant; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, Warden Galipeau, Officer Thomas, Officer Smith, Officer Arnett, and Officer Pleasant to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 20, 2024.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT