UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS,<br><br>Plaintiff,<br><br>v.<br><br>TITIANNA MOODY, et al.,<br><br>Defendants. | CAUSE NO. 3:24-CV-200-PPS-JEM |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a motion to reconsider the screening order on his amended complaint. [DE 24.] On August 20, 2024, I screened the complaint and allowed Scruggs to proceed on claims against nineteen defendants as follows:

> (1) Eighth Amendment claim for compensatory and punitive damages against Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez, Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, and Warden Galipeau in their individual capacities for acting with deliberate indifference to his dietary needs by providing him food that is either nutritionally inadequate or inedible from March 7, 2022, to March 4, 2024;
>
> (2) Eighth Amendment claim for compensatory and punitive damages against Supervisor English, Kitchen Worker Moody, Kitchen Worker Perez Lieutenant Crittendon, Lieutenant Rojo, Unit Team Manager Cornett, Major Cornett, Captain Lewis, Captain Farley, Sergeant Vazquez, Sergeant Miller, Sergeant Jones, Sergeant Brandon Miller, Warden Galipeau, Officer Thomas, Officer Smith, Officer Arnett, and

> Officer Pleasant in their individual capacities for acting with deliberate indifference to his basic dietary needs by failing to provide him with food at appropriate intervals from July 7, 2023, to March 4, 2024;
>
> (3) First Amendment claim for compensatory and punitive damages against Supervisor English, Kitchen Worker Moody, and Kitchen Worker Perez for retaliating against him for filing grievances and lawsuits by serving him less desirable food from March 7, 2022, to March 4, 2024; and
>
> (4) injunctive relief claim against Warden Galipeau in his official capacity to provide him appropriate food at appropriate intervals as required by the First and Eighth Amendments.

[*See* ECF 21 at 7–8]. However, I did not allow him to proceed against Nicole Bridegroom, Dr. Liaw, Nurse Jakeib, Nurse Schmidt, Nurse Ellis, Nurse Schilling, and Nurse Ekeh on his claim that they engaged in forced medical treatment by refusing to remove him from a peanut-free diet. I relied on *Washington v. Harper*, 494 U.S. 210 (1990), and *Knight v. Grossman*, 942 F.3d 336 (7th Cir. 2019), reasoning that a peanut-free diet was not medical treatment as contemplated by those cases as correctional staff need no medical reason to provide inmates with peanut-free diets, which stands in stark contrast to the psychiatric medications and knee surgery in *Washington* and *Knight*. I also noted that, even if a peanut-free diet amounted to forced medical treatment, it would not have amounted to a constitutional violation because a diet including peanuts posed a substantial danger to Scruggs' health due to his severe peanut allergy.

In the motion to reconsider, Scruggs argues that I should allow him to proceed against these medical defendants on the forced medical treatment claim,

2

noting the inappropriate manner in which correctional staff and food staff prepare and serve him food. The food service quality has no bearing on the legal question of whether a peanut-free diet amounts to forced medical treatment contemplated in *Washington* and *Knight.* Additionally, Scruggs has been allowed to proceed against nineteen defendants in connection with his claims of inadequate food service. Therefore, I decline to allow him to proceed on a claim of forced medical treatment.

Scruggs also argues that I should allow him to proceed against these medical defendants on a claim of First Amendment retaliation, contending that they refused to remove him from a peanut-free diet for the purpose of allowing kitchen staff to retaliate against him for filing grievances and lawsuits concerning inappropriate food service. To state claim of First Amendment retaliation, Scruggs must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted).

> [T]he burden of proof relating to causation is divided between the parties in First Amendment tort cases. To make a prima facie showing of causation the plaintiff must show only that the defendant's conduct was a sufficient condition of the plaintiff's injury. The defendant can rebut, but only by showing that his conduct was not a necessary condition of the harm—the harm would have occurred anyway.

*Greene v. Doruff*, 660 F.3d 975, 980 (7th Cir. 2011).

The amended complaint contains no allegations that the medical defendants were aware of the grievances and lawsuits filed against kitchen staff or that they were aware of the inappropriate food service. A grievance attached to the complaint indicates that Scruggs may have conveyed his belief that kitchen staff were engaging in "food harassment," but it offers no description as to what the harassment entailed or how it related to the peanut-free diet. [ECF 5-1 at 36.] Additionally, the grievance response stated, "Dr. Liaw has renewed this peanut-free diet as [Scruggs] has an extreme allergy to peanuts. We cannot take him off the diet as this is a life-threatening issue that can cause serious bodily injury or death." [*Id.* at 37.]

Scruggs understands that his peanut-free diet allowed kitchen staff to identify his food for purposes of retaliation, but the medical order to provide a peanut-free diet and the refusal to remove the medical order are distinct acts from the improper food service practices alleged by Scruggs. Medical staff expressly cited the severity of the peanut allergy, which Scruggs does not dispute, as the reason for keeping the peanut-free diet in place. Given the significant possibility that removing the peanut-free diet would result in serious bodily harm or death to Scruggs, I cannot plausibly find that such a refusal "would deter a person of ordinary firmness from exercising First Amendment activity in the future." *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (citation omitted). For the same reasons, it is readily apparent that medical staff would have refused to remove Scruggs even if Scruggs had never filed any

4

grievances or lawsuits against kitchen staff or voiced any complaints regarding food service.

To Scruggs, peanuts are effectively poison, and, at base, I cannot find that refraining from placing poison in an inmate's food amounts to First Amendment retaliation or any other constitutional violation. Consequently, I decline to allow Scruggs to proceed on a claim of First Amendment retaliation against the medical defendants for refusing to remove him from a peanut-free diet.

For these reasons, the court DENIES the motion to reconsider [ECF 24].

SO ORDERED on September 26, 2024.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT